IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10317
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WENDELL EDWARD JESTER, also known as Wendell Jester

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-125-2-A
--------------------
May 17, 2001

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Wendell Edward Jester was convicted of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and aiding and abetting, in violation 18 U.S.C. § 2. The district court determined that his sentencing range under the United States Sentencing Guidelines was between 188 and 235 months. The district court sentenced Jester to 200 months' imprisonment.

Jester argues that the district court erred in considering his level of cooperation with the Government in determining his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence. "Because the determination of a sentence *within* the Guideline range does not require deviation from the Guidelines, the information a district court may consider in assessing sentence is necessarily quite broad: the court may consider any relevant information that the Sentencing Guidelines do not expressly exclude from consideration." United States v. Lara-Velasquez, 919 F.2d 946, 955 (5th Cir. 1990). There is no provision in the Sentencing Guidelines which precludes a district court from considering a lack of cooperation in determining a sentence *within* the Guidelines range.

Jester also argues that, in light of Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), 21 U.S.C. § 841 is facially unconstitutional. Jester concedes that United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), resolves this issue, but he seeks to preserve the issue for further review. There is "nothing in the Supreme Court decision in Apprendi which would permit us to conclude that 21 U.S.C. §§ 841(a) and (b) . . . are unconstitutional on their face." Slaughter, 238 F.3d at 582. Jester's argument is foreclosed.

Jester's conviction and sentence are AFFIRMED.